USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/23/2022_

**O'DONOGHUE & O'DONOGHUE LLP**
EST. 1935

5301 W[...]
Suite 8[...]
Washi[...]
T: 202-362-0041
F: 202-362-2640
www.odonoghuelaw.com

June 22, 2022

**VIA ECF**
The Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 15D
New York, NY 10007-1312

    Re:    Judith P. Broach, as Independent Fiduciary of the Exhibition Employees
              Local 829 Annuity Fund, et al. v. Showtime on the Piers, LLC
              Case No.: 22-cv-3209 (AT)

Dear Judge Torres:

        The undersigned is counsel to the Plaintiffs in the above-reference case, Judith P. Broach, as Independent Fiduciary of the Exhibition Employees Local 829 Annuity Fund, and Exhibition Employees Local 829 Annuity Fund ("Plaintiffs"). Pursuant to your April 26, 2022, Order setting the Pretrial Conference for June 27, 2022, I write to report on the status of this case and to request an adjournment of the initial pretrial scheduling conference currently set for June 27, 2022.

        The instant case commenced on April 19, 2022, pursuant to ERISA Sections 502(a)(3) and 515, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185 by the Plaintiffs to collect delinquent employer contributions to a benefit annuity fund pursuant to a payroll audit. Defendant, Showtime on the Piers, LLC, was signatory to a collective bargaining agreement with Exhibition Employees Local 829 that required contributions to the Plaintiff Fund. Pursuant to ERISA Section 515, 29 U.S.C. § 1145, an employer obligated to make contributions to a plan under the terms of the plan or a collectively bargained agreement is required to make such contributions in accordance with the terms of the collectively bargained agreement. In any action to enforce the obligation to contribute under ERISA § 515, the court is required to award the plan the unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees and costs of the action. 29 U.S.C. § 1132(g)(2).

        Service of the Summons and Complaint were made to the Defendant at the last known address of its registered agent on June 2, 2022. To date, no counsel for Defendant has entered a

Notice of Appearance in this matter. Undersigned is awaiting an affidavit from the process server and will file with the court in due course.

Pursuant to Section II (B) of the Hon. Torres' Individual Rules of Practice in Civil Cases, the undersigned submits that the Scheduling Conference set for June 27, 2022, be adjourned as counsel for the Defendant has not appeared at least one week prior to the deadline of the parties' submissions. Furthermore, Plaintiffs contemplate seeking default judgment against the Defendant if no Answer is received in accordance with Federal Rule of Civil Procedure 12(A).

Please contact the undersigned if you have any questions or require any documentation.

Very truly yours,

 /s/ Evelyn Haro

Evelyn Haro, Esq.
*Attorney for Plaintiffs*

cc: Showtime on the Piers, LLC
846939.1

DENIED as moot. The Court merely set a deadline for submission of the parties' joint letter and proposed case management plan, to be filed by June 27, 2022. ECF No. 10. No conference is currently scheduled before the Court. In light of Defendant's failure to appear, the Court shall *sua sponte* extend the deadline for the parties' submissions to **July 18, 2022**.

SO ORDERED.

Dated: June 23, 2022
        New York, New York

ANALISA TORRES
United States District Judge